**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

BONNIE ZEPHRINE, *et al.*,          *

                Plaintiffs,          *

      v.          *          Civil Action No. AW-02-1796

PRINCE GEORGE'S COUNTY,          *
MARYLAND, *et al.*,
              Defendants.          *

* * * * *

## MEMORANDUM OPINION

This suit arises out of the death of Charles Huddleston, Jr. ("Huddleston" or the "Decedent").

Plaintiffs Bonnie Zephrine and Charles Ivy Huddleston, Sr.[1] ("Plaintiffs"), as the natural parents and

personal representatives of Decedent's Estate, bring this suit against Prince George's County,

Maryland ("PGCM") and PGCM Police Officer George Nichols, PGCM Police Officer David

McDonald, PGCM Police Officer David Levin, PGCM Police Officer Joseph Brooks, PGCM Police

Officer Crandell Weaver, PGCM Police Officer Thomas Warren, PGCM Police Officer Edward

Gesser, PGCM Police Officer John M. Calhoon, PGCM Police Officer James Kline, and PGCM

Police Officer Michael Economes, as well as the Town of Morningside, Joel Brickell, a police

officer from the Town of Morningside, Thomas Clabby, an Emergency Medical Service provider,

Southern Maryland Hospital Center, Dr. Patricia Melton ("Dr. Melton"), and Larsen Jones

Associates, P.C.("Larsen Jones").  On April 24, 2002, Plaintiffs filed a complaint against the listed

defendants, alleging wrongful death, excessive force, *Monell* claims, medical malpractice, and

various state tort actions.  Currently pending before the Court is Defendants Dr. Melton and Larsen

---

[1] Plaintiffs have stated that the Decedent may have one son, Alexander Anderson.  If a paternity test indicates that the Decedent fathered Alexander Anderson, Plaintiffs state that Alexander Anderson will also be a plaintiff in this suit.

Jones' Motion for Summary Judgment [166]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons set forth in more detail below, the Court will deny Defendants' motion without prejudice.

### FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to the non-movant. On April 26, 1999, at 9:00 p.m., police officers from PGCM and the Town of Morningside observed Huddleston in a vehicle in a parking lot across from Andrew's Air Force Base. The officers followed Huddleston as he exited the parking lot and ultimately apprehended Huddleston at or near the Andrews Manor Theater in Prince George's County, Maryland. The Fourth Amended Complaint ("Amended Complaint") alleges that some of the officers involved in the apprehension "maliciously, sadistically and cruelly" beat Huddleston and that the other officers looked on and did not stop the abuse, that the officers placed Huddleston in restraints, and that some officers continued to beat Huddleston despite the fact that he was in restraints. (Amend Compl. ¶¶ 36-37).

Due to his injuries, Huddleston required medical attention, and Emergency Medical Services ("EMS") personnel were summoned. The EMS personnel transported Huddleston to Southern Maryland Hospital Center, arriving at the hospital at approximately 10:25 p.m. While at the hospital, Huddleston remained in police custody and was restrained by "tuff-cuffs" around his wrists and ankles. The Amended Complaint also avers that a sheet was placed over his head and at least one other sheet was tied around his body as hospital staff attempted to treat Huddleston. (Amend. Compl. ¶ 43). Huddleston had trouble breathing, and as a result of a blockage in his airway, Huddleston died of hypoxia and/or asphyxia.

Plaintiffs filed this suit on April 24, 2002.  Plaintiffs' Amended Complaint alleges federal claims under 42 U.S.C. § 1983 and alleges state claims under the Maryland Wrongful Death Statute, Md. Code Ann., Cts. & Jud. Proc. §§ 3-901 to 3-904 (2005), the Maryland Survival Act, Md. Code Ann., Cts. & Jud. Proc. § 6-401 and Md. Code Ann., Est. & Trusts § 7-401(x), and the Maryland Constitution.

On July 21, 2005, Defendants Dr. Melton and Larsen Jones, (collectively, "Defendants") filed the instant motion for summary judgment, arguing that Plaintiffs' failure to respond to discovery requests and failure to designate an expert who would testify that Defendants deviated from the appropriate standards of care warrant the dismissal of this action.

On July 22, 2005, Plaintiffs  filed a Motion for Extension of Time to Respond to Larsen Jones' Requests for Admission.  This Court granted Plaintiff's Motion for Extension of Time in an Order issued on August 17, 2005.  The Court did not rule on the Motion for Summary Judgment, and currently, this motion is ripe and ready for disposition.

## STANDARD OF REVIEW

Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  In a motion for summary judgment, the moving party discharges its burden by showing an absence of evidence to support the non-moving party's case. *Celotex*, 477 U.S. at 325.  The court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine*, 501 U.S. 496, 520 (1991) (internal citations omitted).  To defeat a motion for summary judgment, the non-moving party must come forward and show that a genuine

issue of material fact exists.  *See Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986).  While the evidence of the non-movant is to be believed and all justifiable inferences drawn

in his or her favor, a party cannot create a genuine dispute of material fact through mere speculation

or compilation of inferences.  *See Deans v. CSX Transp., Inc.,* 152 F.3d 326, 330-31 (4th Cir. 1998);

*Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## DISCUSSION

As an initial matter, Defendants argue that this Court must grant summary judgment in their

favor because Plaintiffs did not respond to their requests for admission in a timely manner.  Rule

36(a) of the Federal Rules of Civil Procedures states that all requests for admission will be deemed

admitted unless the party served the request responds to the request  for admissions within 30 days.

*See* Fed. R. Civ. P. 36(a).  On August 17, 2005, this Court exercised its discretion and gave Plaintiffs

additional time to respond to Defendants' requests.  The record indicates that Plaintiffs have

responded to Defendants' requests by the new deadline set by the August 17, 2005 Order.  This

ruling obviates the need to address Defendants' first argument.

Even assuming that Plaintiffs did not admit the statements set forth in Defendants' requests

for admission, Defendants urge this Court to grant summary judgment, arguing that Plaintiffs' expert

disclosures did not fulfill the requirements of Rule 26(a)(2)(b).  Specifically, Defendants assert that

Plaintiffs' designations were deficient in that these disclosures: (1) did not contain a written report

prepared and signed by the expert witnesses that criticize Dr. Melton or Larson Jones; (2) did not

include a list of qualifications for two of the four medical experts; (3) did not specify the

compensation to be paid for the study and testimony; and (4) did not include a list of the cases in

which the witnesses have testified as an expert within the preceding four years.  In their response

to the motion for summary judgment, Plaintiffs have represented that they supplemented their Rule 26(a)(2) disclosures to provide the enumerated information.  Although it appears that Plaintiffs may not have complied with all of the provisions of Rule 26(a)(2) in a timely manner, this Court will not impose the harsh sanction of disqualifying these experts.  Since the filing of this motion, this Court has given the parties additional time in which to make Rule 26(a)(2) disclosures.  This extension should mitigate the prejudicial effect of Plaintiffs' delay.

Defendants, however, have argued that even with the supplemented information, they are entitled to summary judgment and claim that Plaintiffs cannot produce evidence that Defendants departed from the applicable standard of care.  In particular, Defendants claim that because Plaintiffs' Rule 26(a)(2) expert disclosures do not "even mention" Defendants, Plaintiffs' designated experts cannot testify that Defendants breached the standard of care and establish causation.

As a general rule, a plaintiff must present expert testimony to prevail in a case for medical malpractice under Maryland law.  *See, e.g.*, *Meda v. Brown*, 569 A.2d 202, 207 (Md. 1990) ("[I]n the ordinary medical malpractice case because of the complexity of the subject matter, expert testimony is required to establish negligence and causation"); *Johns Hopkins v. Genda*, 258 A.2d 595, 599-600 (Md. 1969) (holding that Plaintiff could not establish medical malpractice without expert testimony that physician did not exercise reasonable care).  Plaintiffs' expert reports specifically conclude that the physicians caring for the Decedent breached a standard of care.  For example, the report of Plaintiffs' expert Kevin B. Gerold, D.O., J.D., concludes that:

> Emergency Department personnel at the Southern Maryland Hospital failed to exercise due diligence of a kind routinely provided by other emergency personnel in the same or similar circumstances in Maryland when monitoring Charles Huddleston's airway and breathing.  Covering his head with a sheet to prevent him from spitting at the staff obstructed their ability to assess his airway and

breathing.  This inattention resulted in their failure to recognize his life-threatening condition in time to correct the condition and prevent his death.

Once Emergency Department personnel determined that Charles Huddleston had sustained a cardiopulmonary arrest, they again failed to conform to the standard of care expected of emergency car providers when [they] failed to establish and maintain [Charles Huddleston's] airway in a timely manner.

It appears that Defendants believe that because these reports do not name Dr. Melton "specifically" and do not claim that Dr. Melton was "in charge of the emergency room" that Plaintiffs cannot present additional evidence that would demonstrate that Dr. Melton is liable for what occurred in the emergency room on the night of April 26, 1999.  This Court disagrees.

Although expert testimony is generally necessary to aid a jury, the Maryland Court of Appeals has acknowledged that other evidence may be sufficient to establish medical malpractice. The Maryland Court of Appeals has explained, "There is a limitation on the rule that expert testimony is essential to support a cause of action for malpractice where the common knowledge or experience of laymen is extensive enough to recognize or infer negligence from the facts." *Central Cab Co. v. Clarke*, 270 A.2d 662, 668 (1970) (quoting *Butts v. Watts*, 290 S.W.2d 777, 779 (Ky. 1956)).  The case of *Thomas v. Corso*, 288 A.2d 379 (Md. 1972) serves as an apt illustration of this exception.  In *Thomas*, the court held that a jury reasonably could conclude, without the assistance of expert testimony, that an on-call physician, who failed to attend to a patient altogether, committed medical malpractice.  *Id.*

Similarly, in this case, it remains possible that Plaintiffs may establish liability without additional expert testimony  Several facts, if proven, could permit a jury to determine that Defendants' actions were negligent.  For instance, if the evidence tends to show that Dr. Melton was

the only physician present in the emergency room, a jury reasonably could infer that Dr. Melton was

"in charge of the emergency room" without the assistance of additional expert testimony.  Likewise,

a jury could decide that Dr. Melton was negligent if the facts show that Dr. Melton was on-call, but

failed to attend to the Decedent.  Discovery has yet to conclude in this case, and, at this stage, this

Court finds Defendants' motion for summary judgment premature.  *See Evans v. Technologies*

*Applications and Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996) ("As a general rule, summary judgment

is appropriate only after adequate time for discovery") (internal quotations and citations omitted).

In addition, Defendants argue that this Court should grant partial summary judgment as to

"any *independent* allegations" against Larsen Jones in light of Plaintiffs' statements in their brief

that Larsen Jones is liable only on a theory of vicarious responsibility.  It appears that Defendants

seek partial summary judgment with respect to the following portion of the Amended Complaint:

> Huddleston was cared for by Southern Maryland Hospital Center, its
> staff, and physicians that included Registered Nurse Pillar Conway,
> and Dr. Patricia Melton, MD, who at all times was an employee,
> servant, and/or agent of Southern Maryland Hospital Center and
> Larsen Jones, P.C., jointly and severally, all of whom committed
> malpractice by deviating from the standard of care for hospitals,
> doctors and nurses individually, jointly and collectively. . . .

(Fourth Amend. Compl. ¶ 105).  Defendants read this section of the Amended Complaint to allege

that Larsen Jones, P.C., jointly and severally, committed malpractice by deviating from the relevant

standard of care.  A more natural reading of this section, however, is that the "Southern Maryland

Hospital Center, its staff and physicians that included Registered Nurse Pillar Conway, and Dr.

Patricia Melton, MD" committed malpractice, not Larsen Jones.  Moreover, even if this Court

adopted Defendants' reading of this count, as noted earlier, this Court would deny Defendants'

motion as it comes before the parties have had an adequate opportunity through discovery to find

all the relevant evidence.

## **CONCLUSION**

Therefore, for the aforementioned reasons, this Court will DENY the Motion for Summary

Judgment  [166] *without prejudice*.  An Order consistent with this Opinion will follow.


Date:  <u>January 4, 2006</u>                    <u>                    /s/                    </u>
                                                                       Alexander Williams, Jr.
                                                                       United States District Court